UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YENSI URRIA WILSON,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2861

Honorable Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1). For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, she challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.17.) In an order entered on October 7, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on October 21, 2026, (ECF No. 5), and Petitioner filed her reply on October 26, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Cuba who entered the United States without inspection on or about May 29, 2022, and has remained in the United States since that time. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 5-2, PageID.78.) Petitioner was encountered by U.S. Customs and Border Patrol and served a NTA charging her with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (NTA, ECF No. 5-2, PageID.78.) On June 3, 2022, Petitioner was released on her own recognizance. (Order of Release on Recognizance, ECF No. 5-3, PageID.82.)

On December 15, 2022, Petitioner filed an application for asylum. (Pet., ECF No. 1, PageID.2.) On August 23, 2025, Petitioner was detained by ICE Enforcement and Removal Operations (ERO) following her arrest for theft in Hamilton County Ohio. (Patillo Decl. ¶¶ 11–12, ECF No. 5-1, PageID.73–74.) On February 19, 2026, an Immigration Judge (IJ) granted the Department of Homeland Security's motion to pretermit Petitioner's application for asylum and withholding of removal under the safe-third-country bar of INA § 208(a)(2)(A), and ordered Petitioner removed to Ecuador pursuant to the Asylum Cooperative Agreement (ACA) between the United States and Ecuador. (IJ Order, ECF No. 1-4, PageID.26–30; Patillo Decl. ¶ 15, ECF No. 5-1, PageID.74 (stating that "Cuba denied repatriation of [Petitioner].") Petitioner did not appeal the removal order, and the order became administratively final on March 23, 2026. (Pet., ECF No. 1, PageID.8.) *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 240-889-026 for the A-Number, select "Cuba" for the Nationality, and select Submit) (last visited Nov. 5, 2026) (indicating that no appeal was received for the case).

ICE Deportation Officer Patillo states in a declaration that, on June 4, 2026, ICE submitted Petitioner's removal case to ICE Removal and International Operations (RIO) for review. (Patillo Decl. ¶ 18, ECF No. 5-1, PageID.74–75.) ICE "RIO submits 25 cases to Ecuador a month and

Ecuador investigates each case before making a determination to admit subjects into the country." (*Id.*) "RIO informed Detroit ERO that Ecuador is currently investigating the cases that were submitted to them from the month of April," and that "[c]ases are reviewed in the order which they were submitted." (*Id.* ¶ 23, PageID.75.) "RIO has been notified that Ecuador has implemented a temporary hold on accepting Cubans under the ACA program, and will notify ERO when Cuban referrals can resume and a flight becomes available." (*Id.* ¶ 24, PageID.76.) The declaration further provides: "Should the Ecuador ACA not be available, ICE will seek an alternative country of removal, either through ACA or by reopening the matter for removal." (*Id.* ¶ 25.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.8; Resp., ECF No. 5, PageID.59.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.[1]

[1] Respondents also argue that, alternatively, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because of Petitioner's criminal history. (Resp., ECF No. 5, PageID.64.) However, § 1226(c) applies when removal proceedings are ongoing. When removal proceedings have concluded and the noncitizen is subject to a final order of removal, as is the case here, § 1231 governs detention.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, at the time that Petitioner filed this action on October 6, 2026, she had been detained just over six months after the entry of her final order of removal. Petitioner asserts that her detention is unlawful under *Zadvydas* and violates the Fifth Amendment's Due Process Clause because she has been detained for more than six months after her removal order became final, and her removal is not reasonably foreseeable due to Ecuador placing a temporary hold on accepting Cuban nationals under the ACA. (Pet., ECF No. 1, PageID.16–17; Reply, ECF No. 6, PageID.96.) Respondents counter Petitioner's arguments by stating that Petitioner's removal is reasonably foreseeable because Ecuador has not declined to accept Petitioner, four months have passed since ICE submitted Petitioner's case to Ecuador for review, which they argue is not an unreasonably long time for coordinating third country removal, and the hold on accepting Cuban nationals is

temporary. (Resp., ECF No. 5, PageID.62–63.) At this time, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice because it appears that Petitioner's removal remains reasonably foreseeable.[2]

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[2] If the government's efforts to remove Petitioner ultimately stall, Petitioner is free to file a new § 2241 petition.